UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CITIBANK, N.A., SUCCESSOR TO CITIBANK (SOUTH DAKOTA), N.A.<br><br>701 East 60th Street<br>North Sioux Falls, SD 57117<br><br>                Petitioner,<br><br>and<br><br>SANDRA RINI<br><br>3070 Blair Avenue<br>Mansfield, OH 44903<br><br>                Respondent. | Case No.<br><br>**APPLICATION OF DEFENDANT CITIBANK, N.A. TO CONFIRM ARBITRATION AWARD; MEMORANDUM IN SUPPORT THEREOF**<br><br>[Proposed Order lodged concurrently] |

      Petitioner Citibank, N.A., Successor to Citibank (South Dakota), N.A. ("Citibank") hereby petitions this Court pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 9, 13, for an Order confirming the Arbitration Award dated October 2, 2013 and served on the parties by JAMS on October 22, 2013 in the arbitration proceeding between Citibank and Respondent Sandra Rini ("Rini"), as entered and directing that judgment be entered accordingly. The Petition is made on the following grounds:

**I.    JURISDICTION AND VENUE**

      1.    At all times mentioned herein, Citibank was, and is, a national bank organized and existing under the laws of the United States with its principal place of business in Sioux Falls, South Dakota.

      2.    Rini is an individual residing in Mansfield, Ohio and a citizen of the State of Ohio.

      3.    Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this action or proceeding to grant relief under the Section 5 of the FAA because Rini's Complaint in arbitration asserted claims for relief arising under federal law, including the Fair Debt Collection

Practices Act (15 U.S.C. § 1692 *et seq.*) and the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*).

4. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Citibank's counterclaims asserted against Rini in arbitration because Citibank's claims against Rini for breach of contract are so related to Rini's claims against Citibank that they form part of the same case or controversy under Article III. Specifically, Citibank's efforts to collect Rini's past-due obligations form the basis of Rini's Complaint filed by Rini against Citibank in arbitration.

5. Venue is proper in this Court because Rini resides in Mansfield, Ohio, a city located within this judicial district.

## II. ARBITRATION AGREEMENT AND AWARD

6. On or about August 12, 2011, Citibank filed suit against Rini in Mansfield Municipal Court, Case Number 2011 CVH 02033. A true and correct copy of the court docket is attached hereto as Exhibit G and incorporated by reference herein.

7. While the state court action was proceeding, and without seeking an order compelling arbitration, on or about February 8, 2012 Rini initiated arbitration in JAMS, asserting claims against Citibank for "[s]tatutory and actual damages and other relief [which] will be detailed in [Rini's] formal complaint[.]" The arbitration proceeding was entitled *Sandra Rini v. Citibank, N.A.*, JAMS Ref. No. 1390000153 (the "Arbitration"). A true and correct copy of said initiation letter is attached hereto as Exhibit A and incorporated by reference herein.

8. Rini initiated the Arbitration in accordance with the parties' binding Arbitration Agreement. A true and correct copy of the terms and conditions governing Ms. Rini's account with Citibank, including the applicable arbitration provisions, is attached hereto as Exhibit B and incorporated by reference herein.

9. On or about August 27, 2012, Rini filed a Complaint in JAMS, asserting causes of action against Citibank for "violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. (FDCPA); Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. (FCRA); Ohio

2

Consumer Sales Practices Act § 1345.01-13 et seq. (OCSPA); Fraud, & Misrepresentation; Physical and Emotional Distress; and Breach of Contract." A true and correct copy of Ms. Rini's Complaint filed in the Arbitration is attached hereto as Exhibit C and incorporated by reference herein.

10. On or about September 7, 2014, Citibank filed an Answer and Counterclaim in JAMS, denying the allegations in Rini's Complaint, asserting a claim for relief for breach of contract, and requesting $10,848.66 in damages. A true and correct copy of Citibank's Answer and Counterclaim filed in the Arbitration is attached hereto as Exhibit D and incorporated by reference herein.

11. On March 7, 2012, Mansfield Municipal Court ordered the parties to arbitrate their claims in JAMS. On February 19, 2013, Citibank dismissed the Mansfield Municipal Court action without prejudice while arbitration was proceeding in JAMS. *See Ex. G.*

12. JAMS appointed arbitrator Dennis J. Burke (the "Arbitrator") as the arbitrator in the Arbitration on or about August 15, 2012.

13. On July 23, 2013,[1] the Arbitrator presided over an in-person arbitration hearing in Columbus, Ohio, in which the Arbitrator accepted evidence, including testimony and documents, from both parties. *See Ex. E.*

14. On October 2, 2013, the Arbitrator issued a detailed award in writing (the "Award"). A true and correct copy of the Award is attached hereto as Exhibit E and incorporated by reference herein. As set forth in the Award, the Arbitrator found in favor of Citibank, denied Rini's claims on all counts and awarded Citibank an amount of $10,848.66.

15. A copy of the Award was served on both parties by JAMS on October 22, 2013. *See Ex. E.* Thus, this Petition is filed timely within one year after the Award was made pursuant to Section 9 of the FAA.

---

[1] The Arbitration Award contains a typographical error, stating that the arbitration took place on "July 23, 2012." The proceeding took place in 2013.

3

16. On or about October 23, 2013, Rini made a request to appeal the Award to JAMS, and forwarded that request to Citibank. A true and correct copy of Rini's October 23, 2010 letter is attached hereto as Exhibit F and incorporated by reference herein.

17. To this point, neither Citibank nor its counsel has received any written confirmation that Rini has perfected her request to appeal the Award.

18. More than three months have passed since the award was filed or delivered; during that time, Rini has urged no grounds to vacate, modify or correct the award; therefore, as a matter of law, Citibank is entitled to confirmation of this Award.

WHEREFORE, Citibank prays that:

A. This Court enter an order confirming the Award, as authorized by Section 9 of the FAA;

B. This Court enter a Judgment that conforms to the Award of the Arbitrator;

C. Citibank be awarded its costs in this proceeding; and

D. Citibank be awarded any and all other relief that the Court deems just and proper.

A Memorandum in Support of Citibank's Application for Confirmation of Arbitration Award is filed contemporaneously, and incorporated by reference herein.

Respectfully Submitted,

s/ James Y. Oh
JAMES OH (0070325)
MARK C. BRNCIK (0089134)
*Attorneys for Petitioner*
Javitch Block LLC
1100 Superior Avenue, 19th Floor
Cleveland, Ohio 44114
(216) 685-3023
(216) 525-4929 (facsimile)
joh@JBandR.com

4

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 30, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. A copy of the foregoing was also served via regular U.S. Mail to the following:

  Sandra L. Rini
  3070 Blair Ave.
  Mansfield, Ohio 44903
  *Respondent Pro Se*

                s/ James Y. Oh
                JAMES Y. OH (0070325)
                *Attorney for Petitioner*

**MEMORANDUM IN SUPPORT OF APPLICATION TO CONFIRM ARBITRATION AWARD**

**I.   INTRODUCTION AND STATEMENT OF FACTS**

On or about August 12, 2011, Citibank filed suit against Rini in Mansfield Municipal Court, Case Number 2011 CVH 02033. *See Ex. G*. On February 8, 2012, while the state court action was proceeding and without seeking an order compelling arbitration from the state court, Rini initiated arbitration in JAMS, asserting claims against Citibank for "[s]tatutory and actual damages and other relief [which] will be detailed in [Rini's] formal complaint[.]" Rini initiated the Arbitration in accordance with the parties' binding Arbitration Agreement. *Ex. A; Ex. B*.

On or about August 27, 2012, Rini filed her Complaint in JAMS, asserting causes of action against Citibank for "violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. (FDCPA); Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. (FCRA); Ohio Consumer Sales Practices Act § 1345.01-13 et seq. (OCSPA); Fraud, & Misrepresentation; Physical and Emotional Distress; and Breach of Contract." *Ex. C*. On September 7, 2012, Citibank filed an Answer and Counterclaim in JAMS, denying the allegations in Rini's Complaint, asserting a claim for relief for breach of contract, and requesting $10,848.66 in damages.

On March 7, 2012, Mansfield Municipal Court ordered the parties to arbitrate their claims in JAMS. On February 19, 2013, Citibank dismissed the Mansfield Municipal Court action without prejudice while arbitration was proceeding in JAMS. *Ex. G*.

On July 23, 2013, the Arbitrator presided over an in-person arbitration hearing in which the Arbitrator accepted evidence, including testimony and documents, from both parties. On October 2, 2013, the Arbitrator issued a detailed award in writing (the "Award"). *Ex. E*. As set forth in the Award, the Arbitrator found in favor of Citibank, denied Rini's claims on all counts, and awarded Citibank an amount of $10,848.66. *Id.*

On October 23, 2013, Rini made a request to appeal the Award to JAMS, and forwarded that request to Citibank. *Ex. F*. To this point, neither Citibank nor its counsel has received any

written confirmation that Rini has perfected her request to appeal the Award. More than three months have passed since the award was filed or delivered; during that time, Rini has urged no grounds to vacate, modify or correct the award.

## II.     LAW AND ARGUMENT

### A.     **This Court Should Confirm the Award Pursuant to Section 9 of the FAA.**

Section 9 of the Federal Arbitration Act ("FAA") mandates a court to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11" of the FAA.  9 U.S.C. § 9 (stating that a party may apply to a court for an order confirming an arbitration award and that the court "must" confirm such an award).  As stated by the Sixth Circuit, "courts play only a limited role when asked to review the decision of an arbitrator." *Tennessee Valley Auth. v. Tennessee Valley Trades & Labor Council*, 184 F.3d 510, 514 (6th Cir.1999) (per curiam) (quotation marks and citation omitted). The Sixth Circuit has described a court's review of an arbitration award as "one of the narrowest standards of judicial review in all of American jurisprudence." Id. at 515. (quotation marks and citation omitted). The Sixth Circuit has recently affirmed that "[a]s long as 'a court can find any line of argument that is legally plausible and supports the award then it must be confirmed.' It is only when 'no judge or group of judges could conceivably come to the same determination as the arbitrators must the award be set aside.'" *Physicians Ins. Capital v. Praesidium Alliance Group*, 562 Fed.Appx. 421, 423 (6th Cir.2014) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir.1995)).

Here, the requirements for confirmation of the Award are easily satisfied.  On July 23, 2013, the parties participated in an in-person arbitration proceeding in accordance with the parties' binding Arbitration Agreement.  The Arbitrator accepted evidence, including testimony and documents, from both parties.  Subsequently, on October 2, 2013, the Arbitrator issued a detailed, written award in which the Arbitrator applied South Dakota law to the parties' dispute (pursuant to the choice-of-law provision in the credit card agreement governing Rini's account), which was served to the parties on October 22, 2013.  Neither the enforceability of the

Arbitration Agreement nor the validity of the South Dakota choice-of-law provision are, or were as part of the arbitration proceeding, in dispute.

Importantly, no petition to vacate, modify or correct the Award has been filed or served pursuant to Sections 10 or 11 of the FAA in order to preclude this Court from confirming the Award.  Rini requested an appeal on October 23, 2013 – the day after the Award was served on the parties – and to this point Citibank has received no written confirmation that Rini has perfected her request to appeal the Award by paying the necessary case management fees.

This Court has jurisdiction over this matter pursuant to Section 9 of the FAA because this Court is the United States District Court in and for the district within which the Award was made.  Federal question jurisdiction is appropriate because Rini initiated arbitration against Citibank, and in her Complaint Rini asserted causes of action under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act, both of which are federal law. The Federal Arbitration Act "'bestow[s] no federal jurisdiction but rather requir[es] [for access to a federal forum] an independent jurisdictional basis'" over the parties' dispute. *Vaden v. Discover Bank,* 556 U.S. 49, 59, 129 S.Ct. 1262, 1271, 173 L.Ed.2d 206 (2009) "[F]ederal-question jurisdiction depends on the contents of a well-pleaded complaint, and may not be predicated on counterclaims. *Vaden v. Discover Bank*, 556 U.S. 49, 56, 129 S.Ct. 1262, 1270, 173 L.Ed.2d 206 (2009). "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009) (*quoting Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908)). Here, Rini's Complaint in arbitration asserted claims against Citibank for violations of various federal statutes, including the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. Because Rini's JAMS Complaint stated causes of action that arise under federal law, this Court has jurisdiction to confirm the adjudication of those claims.

Finally, supplemental jurisdiction is appropriate over Citibank's claims against Rini. "[T]he Sixth Circuit, like the Seventh and Second, reads § 1367 as a 'sweeping grant of

supplemental jurisdiction,'" and therefore "a permissive counterclaim need not independently satisfy federal jurisdictional requirements. Instead, [a federal] Court may exercise supplemental jurisdiction over [a] counterclaim as long as the counterclaim is part of the same 'case or controversy' as the underlying claim, . . . not specifically excluded by § 1367(b), and not coupled with any persuasive reason to nevertheless decline jurisdiction under § 1367(c)." *Frisby v. Keith D. Weiner & Assoc. Co., LPA*, 669 F.Supp.2d 863, 872 (N.D.Ohio 2009). Rini's Complaint filed in JAMS asserted various claims related to Citibank's efforts to collect funds owed by Rini to Citibank, and therefore Citibank's counterclaim to enforce those obligations form part of the same case or controversy between the parties.

Accordingly, the Award should be confirmed.

### III. CONCLUSION

For the foregoing reasons, the instant Petition should be granted in its entirety.

s/ James Y. Oh_____
JAMES Y. OH (0070325)
MARK C. BRNCIK (0089134)
*Attorneys for Petitioner*
Javitch Block LLC
1100 Superior Avenue, 19th Floor
Cleveland, Ohio 44114
(216) 685-3023
(216) 525-4929 (facsimile)
joh@JBandR.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. A copy of the foregoing was also served via regular U.S. Mail to the following:

Sandra L. Rini
3070 Blair Ave.
Mansfield, Ohio 44903
*Respondent Pro Se*

                                                                     s/ James Y. Oh
                                                                     JAMES Y. OH (0070325)
                                                                     *Attorney for Petitioner*