# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CITIBANK, N.A., SUCCESSOR TO CITIBANK (SOUTH DAKOTA), N.A.<br><br>        Petitioner,<br><br>and<br><br>SANDRA RINI<br><br><br>        Respondent. | Case No. 1:14-cv-02165<br><br>**BRIEF IN OPPOSITION TO RESPONDENT SANDRA RINI'S MOTION FOR SANCTIONS**<br><br>JUDGE JAMES S. GWIN |

## FACTS AND PROCEDURAL HISTORY

Respondent Sandra Rini ("Ms. Rini") has filed a Motion for Sanctions (the "Sanctions Motion") that is completely without merit since the Federal Arbitration Act ("FAA") required confirmation of the October 2, 2013 arbitration award (the "Award") within one year. Ms. Rini did not perfect her "appeal" of the Award (the "Purported Appeal") by, among other things, paying the JAMS filing fee, until almost a year after issuance of the Award. Moreover, Citibank did not receive written confirmation of the perfection of the Purported Appeal until after the filing of this action. Accordingly, the Sanctions Motion should be denied.

Specifically, on October 2, 2013, the JAMS arbitration tribunal entered the Award in favor of Petitioner Citibank, N.A., Successor to Citibank (South Dakota), N.A. ("Citibank"), and against Ms. Rini. Doc. No. 1-7. On October 23, 2013, one day after the Award was served on the parties, Ms. Rini served a request for an appeal. Doc. No. 1-8. However, the attempt to appeal was not effective. JAMS advised both Ms. Rini and Citibank of her failure to properly appeal via JAMS's August 7, 2013 notice advising that Ms. Rini had failed to pay her required case

1

management fee, and the Purported Appeal would not proceed until Ms. Rini paid her outstanding balance to JAMS. *See* Doc. No. 4-2.

On September 30, 2014, nearly one year from the date the October 2, 2013 Award was entered, Citibank filed the within action to confirm the Award. In its initial pleading, Citibank accurately advised this Court that: (1) "[o]n October 23, 2013, Rini made a request to appeal the Award to JAMS . . . ."; and (2) "[t]o this point, neither Citibank nor its counsel has received any written confirmation that Rini has perfected her request to appeal the Award." Doc. No. 1, at 4. Ms. Rini does not dispute the accuracy of either statement in her Sanctions Motion.

After Citibank filed this action, on October 17, 2014, counsel for Citibank received a commencement letter from JAMS confirming that the Appeal had finally been properly initiated (the "Perfected Appeal"). *See* Doc. No. 4-3. As a result, on October 21, 2014, counsel for Citibank sent a proposed stipulated motion to stay these proceedings pending the resolution of the Perfected Appeal in JAMS to Ms. Rini. Doc. No. 4-4. Ms. Rini did not return the proposed stipulation. On October 29, 2014, Citibank filed a Motion to Stay Proceedings and to Compel Arbitration in this Court ("Motion to Stay"). Doc. No. 4. In the Motion to Stay, Citibank fully advised this Court that the appeal had been now been perfected, and attached the October 17, 2014 letter from JAMS. *See* Doc. No. 4-1, at 1; Doc. No. 4-3.

In spite of the fact that counsel for Citibank has fully advised this Court of the pendency of the Perfected Appeal and has requested that these proceedings be stayed pending the resolution of the Perfected Appeal, Ms. Rini filed her Sanctions Motion against Citibank's counsel on November 5, 2014, alleging that "the Citibank attorneys knowingly made false representations to the Court in filing this action." Doc. No. 5, at 3.

To the contrary, Citibank fully and accurately informed this Court of the procedural posture of this case, and when the Perfected Appeal was finally effectuated and confirmed, Citibank advised this Court and requested that this matter be stayed. Ms. Rini's Sanctions Motion is entirely without merit, and must be denied.

## **LAW AND ARGUMENT**

Without applying the text of Rule 11 of the facts of this case, Respondent Sandra Rini submits a very serious assertion that counsel for Citibank violated Rule 11(b). Rule 11 provides in full that:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b). "[T]he central purpose of Rule 11 is to deter baseless filings in district court . . . ." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "[T]he imposition of Rule 11 sanctions requires a showing of 'objectively unreasonable conduct[.]'" *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002) (quoting *United States v. Kouri–Perez*, 187 F.3d 1, 8 (1st Cir.1999)).

Tellingly, Ms. Rini has not alleged that counsel for Citibank either: (1) presented the its suit for an improper purpose; (2) made claims that are not warranted by existing law; (3) made factual contentions that do not have evidentiary support; or (4) denied factual any factual contentions. Simply put, Ms. Rini's Sanctions Motion must be denied because she has not contended that Citibank's counsel engaged in any conduct that runs afoul of Rule 11.

Instead, Ms. Rini quibbles with the fact that Citibank moved to confirm the October 2, 2013 Award nearly one year later on September 30, 2014, and after Ms. Rini filed the Purported Appeal of the Award. Yet, it is undisputed that Ms. Rini failed to properly perfect the Purported Appeal for nearly one year. What Ms. Rini fails to mention is that, FAA, Citibank had a one year within which to move to confirm the October 2, 2013 Award. *See* 9 U.S.C. § 9. Rather than acting improvidently or for any improper purpose, counsel for Citibank waited patiently for Ms. Rini to properly perfect her Purported Appeal. It was only after the FAA's limitations period was set to expire that Citibank's counsel acted. Specifically, in order to preserve Citibank's right to enforce the October 2, 2013 Award, Citibank's counsel had no choice but to file a this action to confirm the Award before October 2, 2014. While the central goal of Rule 11 is to deter frivolous pleadings, the rule "must be read in light of concerns that it will . . . chill vigorous advocacy . . . ." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Ms. Rini improperly asks this Court to sanction counsel for Citibank for acting to preserve its client's legal interests.

Ms. Rini's argument that counsel for Citibank did not perform a reasonable investigation into the status of the Purported Appeal lacks merit because counsel had no duty to compel JAMS or Ms. Rini to perfect the Purported Appeal. Either JAMS or Ms. Rini was responsible for notifying the parties of the eventual perfection of the Purported Appeal. Neither did so prior to

the filing of this action. "Rule 11(b) requires counsel to make 'an inquiry reasonable under the circumstances' before signing an presenting a pleading to the Court . . . ." *Hy-Ko Products Co. v. Hillman Grp., Inc.*, No. 5:10 CV 992, 2012 WL 892560, at *6 (N.D. Ohio Mar. 14, 2012) (quoting *Merritt v. Int'l Assn. of Machinists and Aerospace Workers*, 613 F.3d 609, 626 (6th Cir.2010)). The imposition of Rule 11 sanctions requires a showing of "objectively unreasonable conduct[.]" *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002).

Here, it was reasonable under the circumstances for Citibank to move forward with this action because it had received no commencement letter from JAMS or other written confirmation that the Purported Appeal had finally been perfected. Indeed, JAMS' own rules recognize that an "appeal" is not considered commenced until "JAMS issues a Commencement Letter . . . ." *See* JAMS Comprehensive Rule 5(a) (attached hereto as Exhibit A). The commencement letter "confirms that requirements for commencement have been met, [and] that JAMS has received all payments required under the applicable fee schedule . . . ." *Id.*, Rule 5(b).[1] It is undisputed that JAMS did not send this commencement letter to the parties until October 17, 2014, after Ms. Rini paid her overdue fees, and after this action was filed. *See* Doc. No. 4-3. Again, neither Citibank nor its counsel had any control over the manner in which Ms. Rini and JAMS proceeded. Moreover, Citibank's filing of this action does not, in any way, prejudice or inhibit Ms. Rini's right to proceed with her now-Perfected Appeal.

Finally, sanctions are unwarranted because soon after the Perfected Appeal was commenced, Citibank sought to stay this action to allow the Perfected Appeal to go forward. *See* Doc. No. 4. It is indicative of the baselessness of this request for sanctions that Ms. Rini's

---

[1] These rules were amended in July, 2014. The previous version of the Comprehensive Rules contained nearly identical language. *See* Exhibit B.

Sanctions Motion does not refer to Citibank's acknowledgment that the Perfected Appeal had finally been commenced or her own failure to stipulate to stay this action.

## CONCLUSION

For the foregoing reasons, Ms. Rini's Sanctions Motion for sanctions must be denied and Citibank should be granted such other relief as this Court deems appropriate under the circumstances.

>  s/ James Y. Oh_____
>  JAMES OH (0070325)
>  MARK C. BRNCIK (0089134)
>  *Attorneys for Petitioner*
>  Javitch Block LLC
>  1100 Superior Avenue, 19th Floor
>  Cleveland, Ohio 44114
>  (216) 525-4926
>  (216) 525-4927 (facsimile)
>  mbrncik@jbandr.com
>  *This is a communication from*
>  *a debt collector.*

## CERTIFICATION

The undersigned hereby certifies that this matter has not been assigned to any track, and that this Brief adheres to the page limitation set forth in Northern District of Ohio Local Rule 7.1(f).

>  s/ James Y. Oh_____
>  *Attorney for Petitioner*
>  *This is a communication from a debt collector.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. A copy of the foregoing was also served via regular U.S. Mail to the following:

Sandra L. Rini
3070 Blair Ave.
Mansfield, Ohio 44903
*Respondent Pro Se*

                                                    s/ James Y. Oh_____
                                                    *Attorney for Petitioner*
                                                    *This is a communication from a debt collector.*