UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

CITIBANK, N.A., SUCCESSOR TO
CITIBANK (SOUTH DAKOTA), N.A.          CASE NO. 1:14 CV02165

      Petitioner

                                  REPLY TO BRIEF IN
                                  OPPOSITION TO
                                  RESPONDENT'S MOTION
                                  FOR SANCTIONS

SANDRA RINI

      Respondent

Now comes the Respondent, Sandra L. Rini ("Rini"), pro se, to reaffirm a call for sanctions under Civil Rule 11 against the law firm of Javitch Block, LLC ,(" Javitch Block ") and attorneys James Oh ("Oh") , and Mark Brncik, (" Brncik") is with merit as

1. Rule 11 states " The motion must be served under Rule 5, but it must not be filed or be presented to the Court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service, or within another time the Court sets."

2. The action was not withdrawn or corrected.

3. The only appropriate course of action for Javitch Block, Oh and Brncik to

1

have followed after service of the Rule 11 motion was to withdraw the Application to Confirm the Arbitration Award. Javitch Block, Oh & Brncik failed to do so.

4. On or about October 23, 2013, Rini filed an appeal of the void award (*Doc.1, Ex. F,F1*) pursuant to the Citibank cardmember agreement (the "Contract") (*Doc.1,Ex,B,B8*).

5. On or about October 17, 2014, Citibank and Javitch Block received a commencement letter from JAMS (*Doc.4, Ex.B,P2*) for the Appeal ("Appeal") made by Rini on October 23, 2013 (*Doc.5,Ex.D*).

6. The JAMS commencement letter was received by Javitch Block, Oh & Brncik well before the 21 days for Rule 11 remedy expired.

7. Javitch Block, Oh & Brncik chose not to withdraw their improper pleading, knowing the Award was now null and void.

8. The Contract states: the Award was not final (*Doc. 1,Ex.B,B8*). " When is an award final? The Arbitrator's Award is final and binding on the parties unless a party appeals it in writing to the arbitration firm within fifteen days of notice of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators designated by the same arbitration firm. The panel will consider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Costs will be allocated in the same way they are allocated for arbitration

2

before a single arbitrator. An award by a panel is final and binding on the parties after 15 days has passed. A final and binding award is subject to judicial review and enforcement as provided by the FAA or other applicable law."

9. Citibank and Javitch Block were properly served with Rini's Appeal notice on October 23, 2013. (*Doc.1, Ex.F,F1*).

10. Rini complied with the Contracts for an Appeal. At no time did Citibank object to the payment schedule.

11. The action should have never been filed because with reasonable inquiry by Javitch Block, OH & Brncik, they would have confirmed that the appeal arbitration was proceeding, clearly making any previous award null and void.

12. Citibank, Javitch Block, Oh & Brncik wrongfully filed the improper pleading knowing they had no right under the FAA to seek confirmation.

13. Rini contends that this is further proof that Javitch Block, Oh & Brncik should be sanctioned for their improper action.

14. Javitch Block, Oh and Brncik chose to file a Motion to Stay/Motion to Compel Arbitration (*Doc.6*) as a remedy for their improper pleading. This does not correct the error of filing the improper pleading.

15. Javitch Block, Oh & Brncik failed to make the slightest effort to inquire as to the status of the appeal. Indeed, Javitch Block, Oh and Brncik admit they made no effort to ascertain the status of the arbitration in their

Brief in Opposition to Respondent Sandra Rini's Motion for Sanctions. (*Doc.6,P.4*).

16. In said filing, Javitch Block, Oh and Brncik state that " Ms. Rini's argument that counsel for Citibank did not perform a reasonable investigation into the status of the Purported Appeal lacks merit because counsel had no duty to compel JAMS or Ms. Rini to perfect the Purported Appeal. Either JAMS or Ms. Rini was responsible for notifying the parties of the eventual perfection of the Purported Appeal." So, Javitch Block, Oh & Brncik see no obligation to make any inquiry at all, and certainly not a reasonable inquiry.

17. Rule 11 Sanctions encourages civil litigants to "stop, think and investigate more carefully before serving and filing papers" Id. quoting Amendments to Federal Rules of Civil Procedure (1983), 97 F.R.D. 165, 192 ( March 9, 1982 letter from Judge Walter Mansfield, Chairman, Advisory Committee on Civil Rules).

18. Javitch Block Oh & Brncik are misleading the Court once again, failing to confirm facts, and making false statements as if they were facts. Javitch Block, Oh & Brncik falsely state that on August 7, 2013, JAMS sent a notice (*Doc4, Ex.A,P.1*) advising that Rini had failed to properly appeal, that she had failed to pay her required case management fee, and the Appeal would not proceed until Rini paid her outstanding balance to JAMS. Firstly, the letter was actually

4

dated August 7, 2014 not 2013. Secondly, the aforementioned letter never advises that Rini failed to properly appeal. The letter states that the remaining balance of $50.00 of the $250.00 case management fee must be paid before the Appeal will commence.

19. It is unconscionable that Javitch Block, Oh & Brncik would misrepresent the content of the letter dated August 7, 2014 to the Court *(Doc.4,Ex.A,P1)* JAMS never advised either party in that letter that Rini had failed to properly appeal. Quite the contrary, JAMS advised both parties that as soon as final payment was made, the Appeal would commence.

20. Rini contends that Javitch Block, Oh & Brncik are being disingenuous when presenting to the Court that they had no idea of the status of the Appeal. Rini had been making installment payments to JAMS. Citibank and Javitch Block, Oh & Brncil were informed regularly about payments made by Rini, and were aware that as of August 7, 2014 a balance of only $50.00 remained of the $250.00 case management fee required. *(Doc.4,Ex.A,P1)*.

21. To claim otherwise can only mean Javitch Block, Oh & Brncik were not being diligent in their duty to keep apprised of the status of the appeal, or were purposely making no effort.

22. The FAA requirement of filing to verify an award within one year is for valid, final awards. Rini contends that Citibank's attorneys knew the

5

award Javitch Block ,Oh & Brncik were petitioning to have confirmed was moot, as per the Contract ( *Doc.1,Ex.B,B8* ) . An appeal was in place , and Javitch Block, Oh & Brncik knew it.

23. Citibank , & Javitch Block's law firm have participated in JAMS many times, and are very familiar with the process of appeals in JAMS.

24. Rini met all the requirements to commence the appeal six weeks before Citibank's attorneys Javitch Block, Oh & Brncik filed their Petitioner and Defendant Citibank's Application to Confirm Arbitration Award with the Court .

25. Rini contends that this is a fact that clearly should have been known to Citibank, Javitch Block, & Oh and Brncik.

26. JAMS received full and final payment from Rini on August 19, 2014. (*Doc.5,Ex.G*) . Rini contends that this is a fact that clearly should have been known to Citibank, Javitch Block, & Oh and Brncik. If Javitch Block, Oh & Brncik had met the minimal duty required by Rule 11 , they would have made a reasonable inquiry by means of a simple phone call, or e-mail, to ascertain the status of the appeal.

27. It is indisputable that inquiries should have been made prior to filing the Petitioner and Defendant Citibank's Application to Confirm Arbitration Award . Rini states that Javitch Block, and Oh and Brncik, were negligent in their duties charged under Rule 11.

28. The withdrawal of the Petitioner and Defendant Citibank's Application to

6

Confirm Arbitration Award could have been accomplished easily within the 21 days cure allowed by Rule 11. Javitch Block, Oh & Brncik admit they received the notification of the Arbitration Commencement on Oct. 17, 2014. (*Doc.4,P.1*). This gave them ample time to withdraw the Petitioner and Defendant Citibank's Application to Confirm Arbitration Award.

29. The fact that no reasonable inquiry was made suggests that Javitch Block, Oh & Brncik purposely did not inquire, and as such were being deceptive in their filing of the Motion.

30. This is further borne out to be true when the motion was not withdrawn when Javitch Block, Oh & Brncik were notified by JAMS, that the Appeal had commenced October 17, 2014.

## LAW AND ARGUMENT

31. Javitch Block, Oh and Brncik violated Civil Rule 11 (b) by filing the Petitioner & Defendant Citibank's Application to Confirm Arbitration Award in that Rule 11 (b) requires counsel to make an inquiry reasonable under the circumstances before presenting a pleading to the Court. The imposition of Rule 11 sanctions requires a showing of " objectively unreasonable conduct." *First Bank of Marietta v Hartford Underwriters Inc. Co., 307 F.3d 501, 517 ( 6$^{th}$Circuit 2002).*

7

32. Javitch Block, Oh & Brncik showed " objectively unreasonable conduct" by admittedly making no effort to inquire as to the status of the Appeal with JAMS ( *Doc.6, P.4)*.

33. Rini alleges that her pleading for sanctions meets the abuse of discretion standard in that Rule 11 states, in pertinent part:

" Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record....The signatures of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after a reasonable inquiry it is well grounded in fact ."

34. Javitch Block, Oh & Brncik failed to meet this standard even at its most minimal requirements.

35. Citibank's counsel Javitch Block, Oh & Brncik knew that the Appeal would commence with Rini's final payment, because they were told so by JAMS, in numerous letters and e-mail communications. Javitch Block is familiar with both JAMS, the Citibank credit card agreement arbitration clause, as well as their arbitration appeal process as set forth by that same credit card agreement.

36. Javitch knew that the initial award was unenforceable upon appeal by Rini. It was purposely deceptive for Citibank and Javitch Block, Oh & Brncik to move forward with this action .

8

37. It is Rini's belief that Javitch Block, Oh & Brncik purposely did not inquire as to the status of the appeal. It benefited both Citibank and the law firm to claim ignorance of the status of the Appeal for the purpose of filing their client, Petitioner and Defendant Citibank's Application for Confirmation of Arbitration Award.

38. Citibank and Javitch Block, Oh & Brncik were aware that the Appeal was progressing and would be commenced upon the case management fee being paid in full. At no time did JAMS indicate the Appeal would not commence.

39. Rini complied with Citibank's contract requirements for an Appeal. This made the award Javitch Block, Oh & Brncik were trying to have confirmed void, as per the Agreement (*Doc.1*, *Ex. B,B8*).

40. Javitch Block, Oh & Brncik would have the Court believe they filed the Petitioner and Defendant Citibank's Application to Confirm Arbitration Award because the FAA only allows up to one year to confirm arbitration awards. They knew the award they were Petitioning to have confirmed was not a final award, and was in fact, void, due to the Appeal.

41. Citibank and Javitch Block, Oh and Brncik presented their suit for improper purposes.

42. Javitch Block, Oh and Brncik would have the Court accept that even if it was improper to file an Application to Confirm an Arbitration Award, a Motion to Stay/Motion to Compel Arbitration (*Case Doc.4)* mitigates the error.

9

43. Rini strongly disagrees and states that these filings do not absolve Javitch Block, Oh & Brncik of their wrongdoing. The original action should have never been filed, and the Motion to Compel Arbitration is not proper because Rini has never refused to arbitrate, and both parties are currently arbitrating in JAMS..

44. A Motion to Dismiss was the proper course of action after Javitch Block, Oh & Brncik were served with the Motion for Sanctions, and given 21 days to correct their actions.

45. Javitch Block, Oh & Brncik were notified within the 21 day window to cure that the Appeal had commenced, therefore it is all the more egregious that they did not withdraw their Petitioner and Defendant Citibank's Application to Confirm Arbitration Award.

46. The subsequent filing of a Motion to Stay and Motion to Compel Arbitration (*Doc.4*) does not correct the injustice done by Javitch Block, Oh & Brncik in filing the action in the first place.

47. Rini realleges and confirms that she truly believes Citibank's attorneys brought this action before the Court fully aware that the arbitration was ongoing .

48. It is unconscionable that Javitch Block, Oh & Brncik would try to add a Motion to Stay (*Doc.4*) to an action that was filed improperly and has no merit or basis.

49. Petitioner and Defendant Citibank's Application to Confirm Arbitration Award should be withdrawn, as this the proper cure.

For the foregoing reasons, Rini contends that this is further proof that her Motion for Sanctions against Javitch Block, Oh and Brncik should be granted, that this Honorable Court impose an appropriate monetary sanction against Javitch Block, Oh, & Brncik, that will suffice to deter repetition of the conduct or comparable conduct by others similarly situated; and any and all further relief this Honorable Court deems just and equitable under the circumstances.

Respectfully Submitted,

*Sandra L. Rini*

Sandra L. Rini
Pro se
3070 Blair Ave.
Mansfield, OH 44903
419-529-9999

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2014 a copy of the foregoing was mailed to the United States District Court, Northern District of Ohio, at the address below, where a notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. A copy was also mailed via USPS to Javitch Block, LLC at the address below.

Office of the Clerk
United States District Court
Northern District of Ohio
801 West Superior Ave.
Cleveland, OH 44113-1830

James Oh
Mark Brncik
Javitch Block,LLC
1100 Superior Ave., 19th Floor
Cleveland, OH 44114

_Sandra L. Rini_
Sandra L. Rini, Pro se