UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------
:
CITIBANK, N.A.,                                        :       CASE NO. 1:14-CV-2165
                                                       :
        Petitioner,                                    :
                                                       :
vs.                                                    :       ORDER & OPINION
                                                       :       [Resolving Doc. Nos. 9, 10]
SANDRA L. RINI,                                        :
                                                       :
        Respondent.                                    :
                                                       :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Respondent Sandra Rini moves to vacate an arbitration award entered in favor of Petitioner Citibank, N.A. ("Citibank").[1] Citibank cross-claims to confirm the arbitration award.[2] For the following reasons, the Court **DENIES** Respondent Rini's motion to vacate and **GRANTS** Petitioner Citibank's motion to confirm.

## I. Background

Citibank sued Rini in Mansfield Municipal Court in August of 2011.[3] In that municipal court lawsuit, Citibank sought to recover an unpaid credit card debt that Citibank claimed Rini owed. Rini initiated arbitration proceedings with JAMS in February of 2012.[4] The parties' cardholder agreement gave Rini and Citibank the right to such arbitration proceedings.[5]

At arbitration, Rini argued claims against Citibank for "violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. (FDCPA); Fair Credit Reporting Act, 15 U.S.C.

---

[1] Doc. 9.
[2] Doc. 10.
[3] Doc. 9, at 8.
[4] *Id.*
[5] Doc. 1-4, at 7–9.

Case No. 1:14-CV-02165
Gwin, J.

§ 1681 et. seq. (FCRA); Ohio Consumer Sales Practices Act § 1345.01-13 et seq. (OCSPA); Fraud, & Misrepresentation; Physical and Emotional Distress; and Breach of Contract."[6] Citibank cross-claimed, asking "that an arbitration award be entered . . . [for] $10,846.66 plus interest, costs, and fees."[7]

In October 2013 the presiding Arbitrator awarded Citibank $10,848.66.[8]

Rini appealed the arbitration award.[9] Before Citibank received notice of Rini's appeal, Citibank filed an application to confirm the arbitration award with this Court.[10] After learning about the appeal, Citibank moved the Court to stay the proceedings pending Rini's arbitration appeal. This Court granted the requested stay.[11]

A new JAMS arbitration Panel ("the Panel") conducted a hearing and considered evidence from both parties in March 2015.[12] In May 2015, the Panel denied all of Rini's claims and awarded $10,848.66 in damages to Citibank. It also awarded $2,861.21 in prejudgement interest, which the Panel calculated at a 3.99 per cent interest rate for the period of August 1, 2011 to May 1, 2015.[13]

Rini seeks to vacate the May 2015 arbitration award. Citibank opposes and cross-claims to confirm the award. Rini also argues that the Court lacks subject matter jurisdiction over this dispute and that Citibank should have filed his application to confirm the arbitration award in Mansfield

---

[6] Doc. 1-5, at 1.
[7] Doc. 1-6, at 24.
[8] Doc. 1-7, at 17.
[9] Doc. 1-8.
[10] Doc. 1.
[11] Doc. 4, Doc. 8.
[12] *See* Doc. 10-5.
[13] *Id.*, at 18.

Case No. 1:14-CV-02165
Gwin, J.

Municipal Court.[14]

## II. Discussion

*Subject Matter Jurisdiction*

Rini argues that the Court lacks subject matter jurisdiction over the dispute. While it is true that the Sixth Circuit requires an independent source of federal subject matter jurisdiction for actions brought under The Federal Arbitration Act[15] ("FAA")[16] in this case Rini raised several federal grounds for relief when she initiated arbitration proceedings against Citibank.[17] These claims raise federal questions which give the Court subject matter jurisdiction over the dispute.[18]

*The Arbitration Award*

Federal district court review of arbitration awards involves "one of the narrowest standards of judicial review in all of American jurisprudence."[19] In brief, "courts must accord an arbitrator's decision substantial deference."[20]

When parties submit their claims to an arbitrator,

> it is the arbitrator's view of the facts and of the meaning of the contract that [the parties] have agreed to accept. Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts . . . . [A]n arbitrator must find facts and a court may not reject those findings simply because it disagrees with them . . . . [A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to

---

[14] Doc. 12, at 9–12.
[15] 9 U.S.C. § 1 et seq.
[16] *Appalachian Reg'l Healthcare Inc. v. Beyt, Rish, Robbins Grp.*, 963 F.2d 373, n.8 (6th Cir. 1992) (citing *Moses Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32, (1983)).
[17] Doc. 1-5, at 1 (claiming violations of 15 U.S.C. §§ 1681 et. seq., 1692 et. seq.).
[18] 28 U.S.C. § 1331.
[19] *Lattimer–Stevens Co. v. United Steelworkers of America, AFL–CIO, Dist. 27, Sub–Dist. 5*, 913 F.2d 1166, 1169 (6th Cir.1990).
[20] *Beacon Journal Pub. Co. v. Akron Newspaper Guild, Local Number 7*, 114 F.3d 596, 599 (6th Cir.1997).

Case No. 1:14-CV-02165
Gwin, J.

overturn his decision.[21]

In the Sixth Circuit, "[a]s long as 'a court can find any line of argument that is legally plausible and supports the award then it must be confirmed.' It is only when 'no judge or group of judges could conceivably come to the same determination as the arbitrators must the award be set aside.'"[22]

Within this narrow scope of review, "[u]nder the express terms of the FAA, an award may be vacated only in the following instances"[23]:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.[24]

Rini makes two arguments why the arbitration award should be vacated. Rini first alleges that the arbitration Panel refused to hear pertinent evidence in violation of § 10(a)(3) and Rini second alleges that the arbitrators exceeded their powers "in granting Citibank interest on the damages" in violation of § 10(a)(4).[25]

Pertinent Evidence

Rini "alleges that the Panel violated 9 U.S.C. § 10 (a)(3) by not allowing Rini to present

---

[21] *United Paperworkers Int'l Union v. Misco*, 484 U.S. 29, 37–38 (1987).
[22] *Physicians Ins. Capital v. Praesidium Alliance Group*, 562 F. App'x. 421, 423 (6th Cir. 2014) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir.1995)).
[23] *Physicians Ins. Capital, LLC v. Praesidium Alliance Grp., LLC*, 2013 WL 3787671, at *3 (N.D. Ohio. 2013) aff'd sub nom. *Physicians Ins. Capital v. Praesidium Alliance Grp.*, 562 F. App'x 421 (6th Cir. 2014).
[24] 9 U.S.C. § 10.
[25] Doc. 9, at 4.

Case No. 1:14-CV-02165
Gwin, J.

evidence that Citibank had violated the Truth in Lending Act ("TILA"), Regulation Z."[26] However, the Final Arbitration Award shows that Rini presented evidence and argued that Citibank waived its rights to prejudgment interest by allegedly failing to comply with TILA. The Panel considered Rini's Truth in Lending Act argument and rejected it.[27] The Panel's conclusion that Citibank is entitled to prejudgment interest after considering Rini's TILA arguments is reasonable and the Court will not alter it.

### The Panel's Authority to Award Prejudgment Interest

Rini alleges that the Panel's Final Arbitration Award violated 9 U.S.C. § 10(a)(4) because it misapplied South Dakota Codified Laws §§ 21-1-13.1, 54-3-16 when it awarded prejudgment interest to Citibank.[28] Under South Dakota law, which controlled the arbitration on the issue of damages, Citibank is entitled to prejudgment interest from the date of the injury through the judgment date.[29] The interest rate should be the rate that the contract provides, or if the contract does not specify one, then the rate should be the default "Category B" rate of 10 per cent per year.[30]

The Panel considered Citibank's two arguments, first that the interest should be 29.99 per cent, as provided by the contract, and second, that the interest rate should be 3.99 per cent, which

---

[26] *Id.*; 12 C.F.R. § 226.5(b)(2)(I) ("The creditor shall mail or deliver a periodic statement as required by § 226.7 for each billing cycle at the end of which an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed. A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account, or if furnishing the statement would violate federal law."). Rini argued that Citibank's alleged failure to comply with this provision waived Citibank's rights to prejudgment interest.

[27] Doc. 10-5, at 15–16.
[28] Doc. 9, at 4.
[29] S.D. Codified Laws § 21-1-13.1.
[30] *Id.*; S.D. Codified Laws § 54-3-16.

Case No. 1:14-CV-02165
Gwin, J.

"would be an appropriate rate."[31] The Panel found that a 3.99 per cent rate "would be sufficiently generous to compensate Citibank for the loss of use of the funds due to the failure to pay which is the purpose of awarding pre-judgment interest in contract cases."[32]

The Panel considered several possible prejudgment interest rates. The Panel then selected one that is not punitive to Rini was significantly below the contract rate and was significantly below the default rate provided by South Dakota law. The Panel acted within its authority when it chose the 3.99 per cent interest rate and calculated the prejudgment interest at $2,861.21.

Rini's allegations in the motion to vacate are insufficient to vacate the Final Arbitration Award. The Panel acted within its authority when it awarded damages and prejudgment interest to Citibank.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Respondent Rini's motion to vacate the arbitration award and **GRANTS** Petitioner Citibank's motion to confirm the arbitration award.

IT IS SO ORDERED.

Dated: September 11, 2015          s/     *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[31] Doc. 10-5, at 16–17.
[32] *Id.* (citing *S.D. Subsequent Injury Fund v. Homestake Mining Co.*, 603 N.W. 2d 527, 529 (S .D. 1999)).